IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERSONIFIED, LLC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 CV 3123 |
| v. ) | |
| ) | Hon. Samuel Der-Yeghiayan |
| SALES CONSULTANTS OF CARY, LLC ) | Magistrate Judge Michael T. Mason |
| ) | |
| Defendant. ) | |

**DEFENDANT SALES CONSULTANTS OF CARY LLC'S MOTION TO DISMISS**

Defendant Sales Consultants of Cary, LLC ("Sales Consultants"), by its attorneys, respectfully moves this Court for an order dismissing the complaint of Plaintiff Personified, LLC ("Personified") as an improper exercise in forum shopping meant to preempt the complaint filed by Sales Consultants for the same cause, which is now pending in the United States District Court for the Eastern District of North Carolina, Western Division (the "North Carolina Action").  In support of its motion, Sales Consultants states as follows:

**BACKGROUND**

Sales Consultants is a search and recruitment consulting company that since approximately May 31, 2006, has been providing personnel placement and recruitment services to companies and individuals across the United States using the trademark "PERSONIFY".  (Ex. A ¶¶ 7-8).  Sales Consultants has been identifying itself as "PERSONIFY" by prominently displaying this mark in its marketing and promotional materials and on its website: www.personifysearch.com.  (*Id*. ¶ 9).  For the past two years, Sales Consultants also advertised its "PERSONIFY" mark and tried to fill open sales consultant positions for its customers by placing advertisements on the www.careerbuilder.com website of Personified's parent company

CareerBuilder. (*Id*. ¶ 12). In turn, CareerBuilder has mailed numerous invoices to Sales Consultants in connection with these services. (*Id*.).

And yet, despite its direct knowledge of Sales Consultants' nationwide use of the "PERSONIFY" mark, CareerBuilder filed an intent-to-use trademark application for the "PERSONIFIED" mark for use in connection with "consulting services in the field of human resources, employee recruitment, hiring, retention, development and management; Business research and surveys" with the United States Patent and Trademark Office on December 19, 2007. (Comp. Ex. 1 at 1). Then, on March 24, 2008, RightFish, LLC, a wholly owned subsidiary of CareerBuilder changed its name to Personified, LLC, and on April 1 CareerBuilder assigned all rights in and to "PERSONIFIED" to Personified together with the business therewith. (Ex. A ¶ 16). Personified has been using the "PERSONIFIED" mark in connection with its recruitment consulting services since March 2008, including on its website www.personified.com. (*Id*. ¶ 17).

On or about April 15, 2008, CareerBuilder published for opposition its intent-to-use the trademark "PERSONIFIED." (*Id*. ¶ 18). After obtaining an extension of time on May 8, 2008, to formally oppose CareerBuilder's intended trademark usage, Sales Consultants sent a letter to CareerBuilder on May 21 informing it that its use of the "PERSONIFIED" mark will infringe and unfairly compete with the well-established "PERSONIFY" mark. (*See* Comp. at Ex. 2). Sales Consultants asked CareerBuilder for a written assurance by May 30 that CareerBuilder would withdraw its "PERSONIFIED" trademark application, assign the domain name www.personified.com to Sales Consultants, stop all efforts to confuse the "PERSONIFY" and "PERSONIFIED" marks, and acknowledge Sales Consultants' exclusive right to the two marks. (*Id*. at 2). Sales Consultants further informed CareerBuilder that its "use of PERSONIFIED

2

constitutes trademark infringement and unfair competition under federal and/or state law." (*Id*. at 1). In addition, Sales Consultants announced its intention (barring settlement) to "pursue all available legal and equitable remedies to protect the PERSONIFY Mark" if CareerBuilder did not meet Sales Consultants' demands by May 30. (*Id*.).

Rather than respond to Sales Consultants' letter in any way, or make any attempt to articulate or defend its position, CareerBuilder raced to the courthouse and filed the present lawsuit in this Court on the very last day of Sales Consultants' settlement deadline. Unwilling to be intimidated by CareerBuilder's improper conduct, Sales Consultants proceeded to file the North Carolina Action on June 5, 2008 for common law trademark infringement, false designation of origin, false advertising, and unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1125(a) and the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1 *et* seq. (*See* Ex. A). This action and the North Carolina Action are mirror images of each other, where Personified requests a declaratory judgment that it did not violate the very same laws that form the basis of the North Carolina Action's three counts. (Compare Comp. to Ex. A). If for some reason this action is not dismissed, Sales Consultants, in answering Personified's complaint, will plead a counterclaim mirroring the claims set forth affirmatively in the North Carolina Action.

## ARGUMENT

Personified's complaint in this Court should be dismissed as an impermissible exercise in forum shopping. Sales Consultants and Personified are competitors for the same customers in the same job search and placement market. This dispute arises out of Personified's calculated decision to take advantage of Sales Consultants' well-known mark "PERSONIFY" by using the virtually identical "PERSONIFIED" mark to confuse and compete for Sales Consultants' customers. When Sales Consultants warned Personified that it must cease its activities or face

3

litigation for violations of federal and state trademark and unfair competition laws, Personified filed the present preemptive complaint for declaratory judgment. Because "this wolf comes as a wolf," the Court should have no difficulty recognizing Personified's complaint for what it is – bad faith forum shopping.

I.   **The First To File Rule Does Not Apply Here.**

This circuit "has never adhered to a rigid 'first-to-file' rule," and the rule should certainly not be followed here because both lawsuits were filed only five days apart. *Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) (upholding district court's dismissal of plaintiff's declaratory judgment count when a similar trademark infringement action was filed by the defendant four days later); *see also Eli's Chicago Finest, Inc. v. The Cheesecake Factory, Inc.*, 23 F. Supp. 2d 906, 907-08 (N.D. Ill. 1998) (rejecting the first to file rule's application and dismissing as anticipatory plaintiff's declaratory suit, filed five days before the defendant's nearly identical trademark infringement suit); *Successories, Inc. v. Arnold Palmer Enterprises, Inc.*, 990 F. Supp. 1044, 1046-47 (N.D. Ill. 1998) (6 days); *Softa Group v. Masco Business Systems, Inc.*, No. 91 C 5104, 1991 WL 249725, *1 (N.D. Ill. November 15, 1991) (6 days). Here, because Personified filed its Complaint on May 30, 2008, and Sales Consultants filed the North Carolina Action on June 5, 2008, the first to file rule does not help Personified.

II.  **Even If The First To File Rule Applied, Personified's Declaratory Lawsuit Should Still Be Dismissed As Improperly Filed After Sales Consultants Gave Notice Of Its Intention To Sue.**

Even if, *arguendo*, the first to file rule did apply, Personified's declaratory lawsuit should still be dismissed because Personified knew of Sales Consultants' planned legal action and filed its declaratory action in anticipation of it. Anticipatory suits for declaratory relief are dismissed in favor of the threatened and filed damages action. *Trippe*, 46 F.3d at 629. Accordingly, where, as here, a lawsuit is filed in anticipation of an infringement action, the later-filed infringement

4

action should proceed. *Tempco Electric Heater Corp. v. Omega Engineering*, 819 F.2d 746, 749 (7th Cir. 1987); *Natural Gas Pipeline Co. v. Union Pacific Resources Co.*, 750 F. Supp. 311, 313-16 (N.D. Ill. 1991).

The Seventh Circuit's decision in *Tempco* is directly on point. In *Tempco,* Tempco Electric used an omega symbol on some of its products, which Omega Engineering believed to be an infringement of its trademark. Omega's counsel sent a letter asking Tempco to stop using the mark and threatening litigation if Tempco failed to respond within ten days. After some discussion between the parties bore no fruit, Omega sent another letter to Tempco stating that it had no choice but to bring suit. On the day Tempco received the letter, it filed a declaratory judgment action. Omega's lawsuit followed four days later.

Omega moved to dismiss Tempco's suit on the ground that its own action involved the same issues, facts, and parties. The district court granted the motion and the Court of Appeals affirmed, holding that "[w]here, as here, the declaratory judgment action is filed in anticipation of an infringement action, the infringement action should proceed, even if filed four days later." *Tempco,* 819 F.2d at 749. The Court of Appeals arrived at this conclusion after examining the purposes of declaratory judgment actions. They are "to clarify[ ] and settl[e] the legal relations at issue" and to "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." (*Id.*). In essence, a federal court should grant declaratory relief "to prevent one party from continually accusing the other, to his detriment, without allowing the other to secure an adjudication of his rights by bringing suit." (*Id.*). Omega had not engaged in such conduct. It "promptly filed suit to enforce its claim that Tempco had infringed its trademark. Thus, a declaratory judgment would serve no useful purpose ...." (*Id.*).

5

Indeed, not only would hearing Tempco's case have served no useful purpose; "'[t]he wholesome purpose of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum.'" (*Id.*, citations omitted). "The federal declaratory judgment is not a prize to the winner of the race to the courthouse." (*Id.*, citations omitted).[1] Other circuits have since echoed *Tempco*'s reasoning.[2]

Personified's action before this Court, involving the same issues, facts, and parties as the North Carolina Action, is exactly the kind of pre-emptive strike disapproved by *Tempco*. Having received Sales Consultants' May 21, 2008, letter (Comp. ¶ 13, and Ex. 2 thereto), Personified knew full well that Sales Consultants would sue it by May 30. Moreover, like Omega in *Tempco*, Sales Consultants never "continually accus[ed] [Personified], to [its] detriment, without allowing [Personified] to secure an adjudication of [its] rights by bringing suit." *Tempco,* 819 F.2d at 749. And, like *Tempco,* Personified promptly filed its action on the very day that Sales Consultants' 10-day waiting period expired.

That Personified's action anticipated the later-filed suit by Sales Consultants is indisputable. In its May 21 letter to Personified's parent company CareerBuilder, Sales Consultants informed CareerBuilder that its "use of PERSONIFIED constitutes trademark

---

[1] The rule set forth in *Tempco* applies to declaratory judgment actions designed to pre-empt not only infringement suits, but other lawsuits as well. *See, e.g., CNA Financial Corp. v. Home Indemnity Co.,* 703 F. Supp. 759 (N.D. Ill. 1989) (indemnity bond action).

[2] In *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417 (8th Cir. 1999), for example, the Eighth Circuit affirmed the district court's dismissal of a similar suit. The court stated, "the district court noted that Anheuser was on notice that Supreme was going to file suit * * * Supreme's letter to Anheuser gave Anheuser five days to respond to avoid a law suit. Instead of responding to the letter, Anheuser filed the Missouri action." *Id.* at 418 (citations omitted). The district court also observed that "[l]ess than two weeks passed from the time Supreme sent its cease and desist letter to Anheuser to the time Supreme filed the Florida action. This short period of time suggests that Anheuser raced to the courthouse to usurp Supreme's forum choice." *Id.*; *see also BASF Corp. v. Symington*, 50 F.3d 555, 557-58 (8th Cir. 1995).

infringement and unfair competition under federal and/or state law." (Comp. Ex 2 at 1). Sales Consultants also announced its intention (barring settlement) to "pursue all available legal and equitable remedies to protect the PERSONIFY Mark." (*Id*. at 2). Sure enough, Personified's complaint seeks a declaratory judgment that Personified has not "infringed, or engaged in acts of unfair competition under federal and/or state law relating to [Sales Consultants'] trademark rights." (Comp. at 5). "As is typical in a declaratory judgment case," Personified's arguments are the converse of those made by Sales Consultants in its North Carolina Action. *Inland Steel v. Van Leer,* No. 89 C 9308, 1990 WL 77994, at *1 (N.D. Ill. June 1, 1990).

Courts do not reward the kind of pre-emptive gamesmanship employed by Personified to claim the status of "first-filed" in a transparent attempt to deprive Sales Consultants of its choice of forum. Personified's anticipatory suit should be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should grant Sales Consultants' Motion to Dismiss Personified's complaint now pending before this Court.

Date:   June 12, 2008

        Respectfully submitted,

        _____
        **/s/ Donald J. Mizerk**

        Donald J. Mizerk
        Brian D. Fergemann
        Giel Stein
        WINSTON & STRAWN LLP
        35 West Wacker Drive
        Chicago, Illinois 60601
        Phone: (312) 558-5600
        Fax:    (312) 558-5700
        dmizerk@winston.com
        bfergemann@winston.com
        gstein@winston.com

**CERTIFICATE OF SERVICE**

The undersigned attorney of record hereby certifies that a copy of the foregoing DEFENDANT SALES CONSULTANTS OF CARY LLC'S MOTION TO DISMISS was filed with the Clerk of the Court and served upon the following parties using the CM/ECF system on this 12th day of June 2008:

Matthew W. Walch
Christopher R. Freeman
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, Illinois 60606
Tel:  (312) 876-7700
Fax:  (312) 993-9767

/s/   Donald J. Mizerk