IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PERSONIFIED, LLC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 3123 |
| v. | ) | |
| | ) | Hon. Samuel Der-Yeghiayan |
| SALES CONSULTANTS OF CARY, LLC | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendant. | ) | |

**EXHIBIT A TO DEFENDANT SALES CONSULTANTS OF CARY, LLC'S
<u>MOTION TO DISMISS</u>**

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that a copy of the foregoing EXHIBIT A TO DEFENDANT SALES CONSULTANTS OF CARY, LLC'S MOTION TO DISMISS was filed with the Clerk of the Court and served upon the following parties using the CM/ECF system on this 12th day of June 2008:

Matthew W. Walch
Christopher R. Freeman
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, Illinois 60606
Tel:  (312) 876-7700
Fax:  (312) 993-9767

/s/   Donald J. Mizerk

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. _____ CV _____

SALES CONSULTANTS OF CARY, LLC, )
d/b/a PERSONIFY, )
)
Plaintiff, )
)
v. )
)
PERSONIFIED, LLC d/b/a PERSONIFIED, )
and CAREERBUILDER, LLC, )
)
Defendants. )

# COMPLAINT

Plaintiff, Sales Consultants of Cary, LLC, for its Complaint against defendants, Personified, LLC and CareerBuilder, LLC, states as follows:

## NATURE OF ACTION

1. This is an action for common law trademark infringement, false designation of origin, false advertising, and unfair competition, in violation of: the Lanham Act, 15 U.S.C. § 1125(a) and the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1 *et seq.* This suit arises from Defendants deceptive, misleading and unauthorized use of "PERSONIFIED" in connection with Defendants' employment recruitment services.

## THE PARTIES

2.  Plaintiff Sales Consultants of Cary, LLC d/b/a Personify ("Plaintiff") is a North Carolina limited liability company with its principal place of business at 201 Shannon Oaks Circle, Cary, North Carolina 27511.

3.  Defendant Personified, LLC d/b/a Personified ("Defendant" or "Personified") is a Delaware limited liability company with its principal place of business at 200 North LaSalle Street, Suite 1100, Chicago, Illinois 60601. Personified, which, upon information and belief, changed its name from RightFish, LLC to Personified, LLC on March 24, 2008, is a wholly owned subsidiary of Defendant CareerBuilder, LLC.

4.  Defendant CareerBuilder, LLC ("Defendant" or "CareerBuilder") is a Delaware limited liability company with its principal place of business at 200 North LaSalle Street, Suite 1100, Chicago, Illinois 60601.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a). This is an action between citizens of different states in which the amount in controversy exceeds the value of $75,000, exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1331(a).

6.  Venue is proper in this district under 28 U.S.C. §1391 because a substantial part of the events giving rise to this claim arose in the Eastern District of North Carolina.

## FACTS COMMON TO ALL COUNTS

7.  Plaintiff is a search and recruitment consulting company that provides personnel placement and recruitment services to companies and individuals across the United States.

8. Plaintiff began using the trademark "PERSONIFY" throughout the United States at least as early as May 31, 2006 and at all times since has used the trademark "PERSONIFY" throughout the United States in all of its marketing and promotional materials, and has prominently displayed the "PERSONIFY" mark in connection with its recruitment consulting services.

9. Plaintiff began using the trademark "PERSONIFY" throughout the United States at least as early as May 31, 2006 and at all times subsequent to May 31, 2006, Plaintiff has been doing business through its website, www.personifysearch.com, on which website Plaintiff has at all times prominently displayed the "PERSONIFY" mark in connection with its recruitment consulting services.

10. Plaintiff has invested significant resources into publicizing and advertising its search and recruiting services business under the "PERSONIFY" mark, and customers of Plaintiff's services have come to associate that mark with Plaintiff and Plaintiff's services.

11. Plaintiff's "PERSONIFY" mark has become widely recognized by individuals and companies throughout the United States.

12. Plaintiff has advertised its "PERSONIFY" mark and promoted its associated services on Defendants' CareerBuilder.com website over the course of the past two (2) years, and CareerBuilder has mailed numerous invoices to Plaintiff in connection with these services.

13. In light of the foregoing, CareerBuilder has had direct knowledge of Plaintiff's use of the "PERSONIFY" mark since Plaintiff began using said mark at least as early as May 2006.

14. Despite CareerBuilder's direct knowledge of Plaintiff's use of the "PERSONIFY" mark, CareerBuilder, filed an intent-to-use trademark application for the "PERSONIFIED" mark

for use in connection with "consulting services in the field of human resources, employee recruitment, hiring, retention, development and management; Business research and surveys" with the United States Patent and Trademark Office on December 19, 2007.

15. As evidenced by CareerBuilder's December 19, 2007 intent-to-use application, as of December 19, 2007, neither CareerBuilder nor Personified were using "PERSONIFIED".

16. Upon information and belief, on March 24, 2008, RightFish, LLC, a wholly owned subsidiary of CareerBuilder changed its name to Personified, LLC, and on April 1, 2008, CareerBuilder assigned all rights in and to "PERSONIFIED" to Personified together with the business therewith.

17. Upon information and belief, Defendants have been using "PERSONIFIED" in connection with its recruitment consulting services since March 2008, including on its website www.personified.com.

18. On or about April 15, 2008, CareerBuilder's intent-to-use trademark application was published for opposition.

19. On or about May 8, 2008, Plaintiff obtained an extension of time to file its opposition to CareerBuilder's intent-to-use trademark application.

20. Defendants' conduct and use of "PERSONIFIED" has caused and continues to cause confusion in the market place.

21. Defendants' conduct and use of "PERSONIFIED" has caused *actual* confusion in the marketplace.

22. Defendants' conduct has caused and continues to cause Plaintiff injury, including by actively promoting confusion among consumers.

4

23. Defendants' actions have been intentional, willful, and wanton and have been made with the intent to infringe the "PERSONIFY" mark and trade name to cause confusion and mistake, to unfairly compete, to misrepresent and deceive, and to trade off of Plaintiff's reputation and good will.

## COUNT I
## FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION
## IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

24. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 23 of the Complaint.

25. Defendants' acts set forth above constitute unfair competition in violation of the Trademark Laws of the United States, 15 U.S.C. § 1125(a).

26. Defendants' use of "PERSONIFIED" in interstate commerce constitutes a false designation of origin, description or representation in violation of Plaintiff's rights in the distinctive "PERSONIFY" mark, which wrongfully and falsely designates, describes or represents Defendants' services, causing likely confusion, mistake and deception as to the affiliation, connection or association in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27. By reason of Defendants' acts set forth above, Plaintiff has been severely injured in its business and property. The injury to Plaintiff is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

28. The foregoing acts of unfair competition have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT II
## COMMON LAW UNFAIR COMPETITION

29. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 28 of the Complaint.

30. As more fully described above, Defendants have infringed on Plaintiff's common law trademark rights in the United States, including within this district.

31. Plaintiff has continuously used the "PERSONIFY" mark in connection with advertising and marketing services, as described herein, in North Carolina and in interstate commerce since at least May 31, 2006.

32. As a result, Plaintiff owns and enjoys common law rights in North Carolina and throughout the United States in and to the "PERSONIFY" mark which are superior to any rights that Defendants may claim in and to such mark or any confusingly similar mark.

33. Defendants' conduct has caused and is likely to continue to cause confusion with Plaintiff's distinctive "PERSONIFY" mark. Consumers are likely to be confused as to the source, affiliation, connection, or association with Plaintiff. Defendants' actions have caused and will continue to cause damage to Plaintiff's goodwill and reputation, in violation of common law principles.

34. Plaintiff has been damaged by Defendants' violations of North Carolina common law of unfair competition, and unless enjoined by this Court, Defendants will, upon information and belief, continue with such acts.

<u>**COUNT III**</u>
<u>**UNFAIR BUSINESS PRACTICES UNDER THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT (N.C.G.S. §75-1.1 *et seq.*)**</u>

35. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 34 of the Complaint.

36. Defendants' activities set forth above have caused and will continue to cause a likelihood of confusion or misunderstanding as to the sponsorship, approval, affiliation, source or connection with Plaintiff, in violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §75-1.1 *et seq.*

37. Defendants' conduct alleged herein was, and continues to be, in or affecting commerce within the meaning of N.C. Gen. Stat. §75-1.1 *et seq.*

38. Defendants' conduct as alleged herein constitutes unfair methods of competition or unfair and deceptive trade practices in violation of N.C. Gen. Stat. §75-1.1 *et seq.*

39. Defendants have willfully engaged in the above described deceptive trade practices in North Carolina and in this judicial district.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. That Defendants, their respective officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, assigns, attorneys, and all those in active concert or participation with it be forthwith permanently enjoined from using "PERSONIFIED" or any other mark or designation that is likely to cause confusion with Plaintiff's mark;

2. That Defendants, their respective officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, assigns, attorneys, and all those in active concert or participation

with it be forthwith permanently enjoined from contesting or opposing Plaintiff's use of the "PERSONIFY" mark in the future;

3. That, pursuant to 15 U.S.C. § 1118, Defendants be ordered to deliver up for destruction all signs, websites, advertising and promotional materials in the custody or under the control of Defendants bearing the "PERSONIFIED" mark;

4. That Defendants be ordered to assign to Plaintiff the domain name www.personified.com and any other confusingly similar domain names registered to either Defendant.

5. That Defendant CareerBuilder be ordered to withdraw its intent-to-use trademark application currently pending before the United States Patent and Trademark Office.

6. That Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including actual damages and profits received by Defendants from sales and revenues of any kind in connection with the use of "PERSONIFIED", and that such damages be trebled due to the intentional, bad faith and willful nature of Defendants' acts.

7. That Defendants be required to inform each and every one of their customers that it is ceasing use of "PERSONIFIED" pursuant to Court order.

8. That the Court award Plaintiff such other and further relief as it deems just and proper, including reasonable attorneys' fees, costs and disbursements incurred by Plaintiff as a result of this action due to the intentional, bad faith and willful nature of Defendants' acts pursuant to 15 U.S.C. § 1117 and N.C.G.S. §75-16.

## JURY DEMAND

Plaintiff further requests a trial by jury on all issues triable by jury.

Respectfully submitted this the 5th day of June, 2008.

**/s/ Judson A. Welborn**
Judson A. Welborn, NCSB #25756
Of MANNING, FULTON & SKINNER, P.A.
*Attorneys for Plaintiff*
3605 Glenwood Avenue - Suite 500 (27612)
Post Office Box 20389
Raleigh, North Carolina 27619-0389
Telephone: (919) 787-8880
