**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PERSONIFIED, LLC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 3123 |
| v. | ) | |
| | ) | Hon. Samuel Der-Yeghiayan |
| SALES CONSULTANTS OF CARY, LLC | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SALES CONSULTANTS OF CARY LLC'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

Nothing in Plaintiff Personified, LLC's ("Personified") Memorandum in Opposition to Sales Consultants of Cary, LLC's ("Sales Consultants") Motion to Dismiss excuses Personified's "race to the courthouse" to file a declaratory judgment action while Sales Consultants was waiting in North Carolina for Personified to respond to its initial settlement letter. Personified's feigned offense by the tone of Sales Consultants' initial settlement letter is not only legally irrelevant, but subjectively without basis. The law in the Seventh Circuit is clear and Personified's declaratory action complaint must be dismissed in favor of Sales Consultant's direct action filed in North Carolina. *See e.g.*, *Allendale Mutual Ins. Co. v. Bull Data Sys. Inc.*, 10 F.3d 425, 431 (7th Cir. 1993) ("What is true is that because the issuance of a declaratory judgment is discretionary, … a suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed and the case allowed to proceed in the usual way.") (citation omitted).

In addition, Personified's request that this Court delay its ruling on the present motion until the North Carolina has decided Personified's motion to transfer the North Carolina Action to Illinois should also be rejected. Personified's North Carolina motion to transfer is without

merit because no one can credibly assert that the North Carolina court is not a convenient (if not the most convenient) forum for this dispute. Moreover, this request is contrary to Personified's representation to this Court on June 17, 2008, that it would not do anything to encourage a decision on the North Carolina motion before this Court ruled on the present motion. (Ex. A hereto at 4-5 ("Mr. Walch [Counsel for Personified]: … I certainly am not going to be pushing my motion to dismiss [or transfer] and requiring the North Carolina court to rule on that before you do."). Such a request is also contrary to the Court's stated preference at the initial motion conference. (Ex. A hereto at 4 (stating, "… I don't want the North Carolina judge transferring the case here when I might transfer it there.").

## I.     Personified Has Offered No Basis To Deviate From Seventh Circuit Precedent, Which Favors Direct Actions Over Preemptive Declaratory Judgment Actions.

The law in the Seventh Circuit is clear, the first-to-file rule will not save Personified's preemptive complaint for declaratory relief. Personified attempts to defend its "race to the courthouse" by asserting that it was offended by Sales Consultants' May 21, 2008 initial settlement letter and purportedly believed it to be unreasonable. Such a perception is irrelevant under the law and factually unsupportable. Sales Consultants' conduct was eminently reasonable under the circumstances and was, in fact, in full harmony with the federal courts' overriding policy of encouraging the private settlement of disputes. It was completely *unreasonable* for Personified to race to the courthouse and file a declaratory judgment action while it knew that Sales Consultants was waiting for a response to its initial letter bringing the current dispute to Personified's attention.

### A.     A Preemptive Declaratory Judgment Action Filed In the Seventh Circuit Is To Be Dismissed In Favor Of A Later-Filed Direct Action.

As set forth in Sales Consultants' initial brief, Personified cannot rely on the first-to-file rule to defeat the present motion to dismiss. This circuit "has never adhered to a rigid 'first-to-

file' rule." *Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995); *see also* Sale's Consultants' Mem. at 4 (citing cases). "[B]ecause the issuance of a declaratory judgment is discretionary, … a suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed and the case allowed to proceed in the usual way." *Allendale Mutual Ins. Co.*, 10 F.3d at 431 (citation omitted).

Personified has stated nothing to warrant a deviation from the norm – Personified's declaratory judgment action should be dismissed and the case should proceed in the "usual way," *i.e.*, as a direct action.

**B.    Sales Consultants' May 21, 2008 Letter Was A Completely Reasonable Way To Raise This Trademark Dispute With Personified And Initiate A Settlement Dialogue Between The Parties.**

Personified's stated basis for racing to the courthouse is its perception that Sales Consultants' letter of May 21, 2008, was unreasonable and left it no choice but to seek declaratory judgment protection from this Court. According to Personified, Sales Consultants' May 21 letter was, "not an offer to negotiate" but a "take it or leave it," "extortionate," "direct threat[] to [Personified's] way of doing business" that left Personified no choice but to seek a declaration of its rights in this action. (*Id.* at 6, 9, and 10). Personified's feigned offense with Sales Consultants' letter is subjectively baseless and legally irrelevant.[1]

No one can dispute the good faith basis of Sales Consultants' trademark and unfair competition dispute with Personified. Personified admits that it did not start using the very

---

[1]    Personified's contention that Sales Consultants tried to hide this letter from the Court because it did not attach a copy of the letter to its Motion to Dismiss lacks candor. (Opp. at 1). Sales Consultants did not such thing. Sales Consultants' Motion to Dismiss thoroughly discussed the May 21 letter to demonstrate that Personified had notice of its infringing activities and could face litigation by Sales Consultants to defend its trademark if Personified did not cease its misconduct. (*See* Sales Consultants' Mem. at 2-3, 6-7). Sales Consultants did not need to attach a copy to its motion because the letter was attached to Personified's complaint as Exhibit 2. (*Id.*)

similar "PERSONIFIED" name – in the same job placement industry in which Sales Consultants was already operating for two years as "PERSONIFY" – until April 1, 2008. (Opp. at 4). The nature and seriousness of Sales Consultants' dispute with Personified is not without obvious basis: trademark "PERSONIFY" vs. trademark "PERSONIFIED."

Thus, when Sales Consultants first learned of Personified's use of the name "PERSONIFIED," it sent a letter to Personified's trademark lawyer objecting and inviting the parties to resolve the dispute. Personified's description of Sales Consultants' May 21 letter as "not an offer to negotiate" but a "take it or leave it" "direct threat[] to [Personified's] way of doing business" that left Personified no choice but to seek a declaration of its rights in this action (*Id*. at 6 and 9), is also less than candid. Though giving Personified notice of its infringement of Sales Consultants' trademark and reserving Sales Consultants' right to take legal action to defend its rights, Sales Consultants' May 21 letter to Personified expressly states that the letter was meant as a fair "settlement" offer. (Compl. Ex. 2 at 2). Moreover, contrary to Personified's statement that Sales Consultants "made no offer for compromise" (Opp. at 5), the letter stated: "Once you have had an opportunity to review this correspondence with your client, I look forward to working with you to develop a solution to the current situation." (*Id.*, emphasis added). While Personified wishes it were otherwise (as though the letter's tenor could excuse its forum shopping), Sales Consultants' May 21 letter expressly invited amicable settlement discussions. The May 21 letter requested the courtesy of a response by May 30, 2008. Instead, knowing Sales Consultants was waiting for the requested response to their initial notice letter and settlement offer, Personified raced to the courthouse on that day, May 30, 2008, to file the present action to insure that it would initiate litigation before Sales Consultants and deprive it of its forum choice. Personified's argument that it fled to this Court to save itself from Sales

Consultants' "extortionate" letter should be rejected as a fictitious cover story for Personified's impermissible forum shopping.

    **C.    Sales Consultants' May 21, 2008 Letter Was Consistent With Federal Court Policy Encouraging Settlement; Personified's Race To The Courthouse Was Not.**

There can be no settlement discussions at all prior to the filing of a lawsuit if the party with the claim does not present that claim to the alleged offender.  Yet Personified claims that this initial letter's 10-day response period constituted a "delay" that invited Personified's first-filed suit.  (Opp. at 9).  Personified's reasoning does violence to the long-favored policy of encouraging parties to settle their differences by affording each other time to do so.  As the Seventh Circuit reminded long ago:  "Federal Courts look with great favor upon the voluntary resolution of litigation through settlement."  *Air Line Stewards and Stewardesses Ass'n, Local 550 v. Trans World Airlines, Inc.*, 630 F.2d 1164, 1166 (7th Cir. 1980); *see Metropolitan Housing Development Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1013 (7th Cir. 1980) ("[t]he law generally favors and encourages settlements").  Other circuits have followed suit, and readily dismissed preemptive litigation such as Personified's declaratory judgment complaint.

For example, in *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417 (8th Cir. 1999), the Eighth Circuit affirmed the district court's dismissal of a preemptive suit similar to Personified's.  The court stated, "the district court noted that Anheuser was on notice that Supreme was going to file suit.… Supreme's letter to Anheuser gave Anheuser five days to respond to avoid a law suit.  Instead of responding to the letter, Anheuser filed the Missouri action."  (*Id.* at 418, citations omitted).  The district court also observed that "[l]ess than two weeks passed from the time Supreme sent its cease and desist letter to Anheuser to the time

Supreme filed the Florida action.  This short period of time suggests that Anheuser raced to the courthouse to usurp Supreme's forum choice."  (*Id.*); *see also BASF Corp. v. Symington*, 50 F.3d 555, 557-58 (8th Cir. 1995).

Personified's "obvious race to the courthouse door by filing suit during ongoing settlement negotiations should not be rewarded by this court, since any potential plaintiff … should be encouraged to enter into settlement discussions without fear that the defendant will use the opportunity to file a preemptive suit in a district of its own choosing."  *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1149 (S.D.N.Y. 1995).  The court's comments in *Ontel* are equally applicable here:

> Where a party is prepared to pursue a lawsuit, but first desires to attempt settlement discussions, that party should not be deprived of the first-filed rule's benefit simply because its adversary used the resulting delay in filing to proceed with the mirror image of the anticipated suit.  Otherwise, potential plaintiffs would be discouraged from first attempting to resolve their claims without resorting to litigation.  And as this Court commented almost two decades ago, due to "federal court calendars becoming increasingly burdened, attorneys should exercise a correspondingly increased responsibility to attempt to resolve disputes without using limited judicial resources to decide issues which might, by responsible discussions between reasonable people, be settled out of court." … The existing state of federal court dockets indicates the continuing need to facilitate the attempts of potential plaintiffs to settle before initiating litigation.  This could hardly be accomplished if such parties knew that by first attempting settlement they were risking the loss of the first-filed rule's benefit.

(*Id.* at 1150-51, citations omitted).  Thus, as Sales Consultants demonstrated in its Motion to Dismiss, this Court should respond as other courts have to the kind of dilatory conduct employed by Personified to claim the forum of its choice:   dismiss Personified's suit.  *See* Sales Consultants' Motion to Dismiss at 4-5, discussing *Tempco Electric Heater Corp. v. Omega Engineering*, 819 F.2d 746, 749 (7th Cir. 1987); *Natural Gas Pipeline Co. v. Union Pacific Resources Co*., 750 F. Supp. 311, 313-16 (N.D. Ill. 1991).

Personified's attempt to distinguish the cases relied upon by Sales Consultants is unavailing.[2]  Personified argues that the cases relied on by Sales Consultants are distinguishable because the courts in those cases noted lengthy settlement discussions between the parties and/or dilatory conduct by the alleged infringer in deciding to dismiss the first-filed declaratory judgment action.  (Opp. at 8).  Personified had no extended settlement discussions with Sales Consultants, to be sure, but only because Personified responded to the settlement invitation in Sales Consultants' May 21 letter by filing a preemptive complaint of its own.  For the reasons set forth above, Personified's conduct is clearly impermissible and its preemptive complaint should be dismissed.[3]

## II.    This Court's Decision On This Motion Should Not Be Delayed.

Personified also requests that this Court hold its decision on this motion until the North Carolina court has ruled on Personified's Motion to Transfer Sales Consultant's North Carolina action to this Court.  (Opp. at 10).  There is no reason to do so.

---

[2]    The only case upon which Personified affirmatively relies, *Plough, Inc. v. Allergan, Inc.*, 741 F. Supp. 144 (W.D. Tenn. 1990), is an outdated case from a district court in Tennessee that did not apply Seventh Circuit law.  (Opp. at 9).  It is doubtful that this case is good law in its own jurisdiction because more recent decisions in that jurisdiction have not been similarly determined.  *See e.g.*, *OfficeMax v. I/OMagic Corp.*, No. 05cv1150, 2006 WL 290518, *3 (N.D. Ohio Feb. 7, 2006) ("an exception to the first-filed rule is "a first-filed suit should be dismissed or stayed in favor of a substantive suit.").  *Plough*, of course, did not even purport to apply the law in the Seventh Circuit.  *See Tempco* at 750 ("Although a "first to file" rule would have the virtue of certainty and ease of application, thus eliminating some of the waste referred to supra section A, the cost-a rule which will encourage an unseemly race to the courthouse and, quite likely, numerous unnecessary suits-is simply too high."),

[3]    Personified also claims that it was not forum shopping because Illinois is the "most appropriate and efficient forum for the adjudication of this action."  (Opp. at 7-8).  Personified's reasoning is twisted.  The Chicago presence of Personified, its employees, and its relevant documents merely establishes motive for Personified's forum-shopping – Illinois is a much more convenient forum for it and not for Sales Consultants.  Sales Consultants, its employees, its documents, its counsel, and its corporate headquarters are all located in North Carolina.

First, Personified's North Carolina motion to transfer is frivolous. Sales Consultants is located in that jurisdiction and all of its relevant documents and witnesses are located there as well. There is no basis to assert that the North Carolina Action should be transferred based on the convenience of the parties.

Second, Personified's request is contrary to its representation to this Court on June 17, 2008, that it would not do anything to encourage a decision on the North Carolina motion before this Court ruled on the present motion. At that hearing, Personified's counsel stated; "I certainly am not going to be pushing my motion to dismiss [or transfer] and requiring the North Carolina court to rule on that before you do." (Ex. A hereto at 4-5). Such a request is also contrary to the Court's stated preference at the initial motion conference. The Court stated: "I don't want the North Carolina judge transferring the case here when I might transfer it there." (Ex. A hereto at 4). If this Court determines that this case should be dismissed as a preemptive declaratory action, it strains credibility to think that a United States District Court Judge in North Carolina would reward such misconduct and circumvent that decision by transferring the case back.[4]

---

[4]       In addition, Personified's assertion that it will just refile its complaint as a declaratory judgment counterclaim is without basis. (Opp. at 10). Such counterclaims that mirror the original action are typically dismissed as "repetitious and unnecessary." *See e.g.*, *United States v. Zanfei*, 353 F.Supp.2d 962, 965 (N.D. Ill. 2005); *GNB Inc. v. Gould, Inc.*, 1990 WL 207429 (N.D. Il. Nov. 30, 1990).

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, the Court should grant Sales Consultants'

Motion to Dismiss Personified's complaint before this Court.


Date:   July 25, 2008

Respectfully submitted,


**/s/ Donald J. Mizerk**

Donald J. Mizerk
Brian D. Fergemann
Giel Stein
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Phone: (312) 558-5600
Fax:     (312) 558-5700
dmizerk@winston.com
bfergemann@winston.com
gstein@winston.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney of record hereby certifies that a copy of the foregoing DEFENDANT SALES CONSULTANTS OF CARY LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS was filed with the Clerk of the Court and served upon the following parties using the CM/ECF system on this 25th day of July 2008:

Matthew W. Walch
Christopher R. Freeman
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, Illinois 60606
Tel:  (312) 876-7700
Fax:  (312) 993-9767

**/s/    Donald J. Mizerk          **

# EXHIBIT A

1
2

```
 1              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3  PERSONIFIED, LLC,              ) Docket No. 08 C 3123
                                   )
 4          Plaintiff,             )
                                   ) Chicago, Illinois
 5          vs.                    ) June 17, 2007
                                   ) 9:00 o'clock a.m.
 6  SALES CONSULTANTS OF CARY, LLC, )
                                   )
 7          Defendant.             )

 8

 9            TRANSCRIPT OF PROCEEDINGS - Motion
            BEFORE THE HONORABLE SAMUEL DER-YEGHIAYAN
10

11  APPEARANCES:
    For the Plaintiff:      LATHAM & WATKINS LLP
12                          BY:  MR. MATTHEW W. WALCH
                            233 South Wacker Drive
13                          5800 Sears Tower
                            Chicago, Illinois  60606
14

15  For the Defendant:      WINSTON & STRAWN LLP
                            BY:  MR. DONALD JOSEPH MIZERK
16                          35 West Wacker Drive
                            Chicago, Illinois  60601
17

18

19

20
                    LAURA LACIEN, CSR, RMR, FCRR
21                     Official Court Reporter
                 219 South Dearborn Street, Suite 1902
22                     Chicago, Illinois  60604
                          (312) 408-5032
23

24

25
```

```
 1        (The following proceedings were had in open court:)
 2            COURTROOM DEPUTY:  08 C 3123, Personified versus
 3    Sales Consultants of Cary.
 4            MR. WALCH:  Good morning, your Honor.  Matt Walch on
 5    behalf of Personified LLC.
 6            THE COURT:  Good morning.
 7            MR. MIZERK:  Good morning, your Honor.  Don Mizerk
 8    on behalf of the defendant and movant Sales Consultants of
 9    Cary who does business as the company Personify.
10            THE COURT:  Okay.  The complaint was filed May 30th.
11    Was there service executed?
12            MR. WALCH:  There was service executed, yes, your
13    Honor.
14            THE COURT:  Let me make sure the docket reflects
15    that because I checked last week and I didn't know if there
16    was service.
17            MR. WALCH:  I believe the proof of service was filed
18    the end of the week last week.
19            THE COURT:  Last week, okay.
20            MR. WALCH:  Yeah.
21            THE COURT:  And counsel for defendant has filed a
22    motion to dismiss.  Plaintiff, you've received that?
23            MR. WALCH:  I did receive that, your Honor.
24            THE COURT:  Okay.  They're claiming improper
25    exercise of forum shopping.
```

1           MR. WALCH:  And we disagree with that, your Honor.

2    We'd like to file a written response to that motion if that's

3    acceptable to the Court.

4           THE COURT:  How much time do you need to answer?

5           MR. WALCH:  21 days if that's okay.

6           THE COURT:  If I gave you July 8th, would that be

7    sufficient?

8           MR. WALCH:  That would be fine, your Honor.

9           THE COURT:  Okay.  We're considering the July 4th

10   holiday weekend here so you want me to give a little

11   additional time?

12          MR. WALCH:  That would be appreciated, your Honor.

13          THE COURT:  July 11th.  Counsel, two weeks to answer

14   their reply?

15          MR. MIZERK:  That's fine.

16          THE COURT:  Okay.  July 25th.  I'll set a status

17   hearing of August 13th.

18          MR. WALCH.  Your Honor, there's already an initial

19   status set for July 31.

20          THE COURT:  I will strike that --

21          MR. WALCH:  Okay.  Thank you, your Honor.

22          THE COURT:  -- because I cannot -- I can rule in a

23   few days but I don't want to.  August 13th the next status

24   hearing.  By then, hopefully I'll rule on the motion.

25          There is a pending case in the Eastern District of

1   North Carolina, right?

2          MR. WALCH:  Yes.  That's correct, your Honor.  We

3   will be filing a motion to dismiss and/or transfer with

4   respect to that case as well so that will be happening within

5   the next week or so.

6          THE COURT:  You want the North Carolina case to be

7   transferred here?

8          MR. WALCH:  Correct.  Correct.

9          THE COURT:  When are you going to file that?

10         MR. WALCH:  Within the next week or so.  By Tuesday

11  of next week.

12         THE COURT:  But I'm going to rule on their motion

13  for improper exercise of forum shopping so I don't want the

14  North Carolina judge transferring the case here when I might

15  transfer it there.

16         MR. WALCH:  That's comes up often in these context

17  and typically what happens is the defendant with either ask

18  the North Carolina court to wait to rule if they want to but

19  we have a deadline to file by Tuesday of next week in

20  response to that complaint, so.

21         THE COURT:  So do you want to accelerate your answer

22  and replies in my court?

23         MR. WALCH:  I cannot, your Honor, because of my

24  vacation around the July 4th holiday.  That's the date I need

25  to file the response.  I certainly am not going to be pushing

1    my motion to dismiss and requiring the North Carolina court
2    to rule on that before you do.  I certainly would identify
3    for the North Carolina court the fact that there is a motion
4    to dismiss pending here.
5              MR. MIZERK:  Your Honor, as we set forth in our
6    motion, we're very confident that this case here was filed
7    improperly.  We'll ask the judge in North Carolina if they
8    file this motion, to hold off --
9              THE COURT:  To the ruling.
10             MR. MIZERK:  -- until you rule.  It doesn't make any
11   sense to be going at it on both directions.
12             THE COURT:  I don't like to tell another judge what
13   to do.  It's up to the judge in North Carolina what to do.
14   But if you would advise the court of this motion, that would
15   be up to the court in North Carolina to decide what to do,
16   obviously.
17             MR. MIZERK:  We certainly will do that, your Honor.
18             THE COURT:  Okay.
19             MR. MIZERK:  I don't think there's any issue that
20   would require things to move any faster than your Honor has
21   indicated that will solve it.
22             THE COURT:  Okay.  Thank you.
23             MR. MIZERK:  Thank you.
24             THE COURT:  Thank you, both.
25             MR. WALCH:  Thank you.

1          (Which concluded the proceedings in the above-entitled

2   matter.)

3                    C E R T I F I C A T E

4          I hereby certify that the foregoing is a transcript

5   of proceedings before the Honorable Samuel Der-Yeghiayan on

6   June 17, 2008.

7   DATED:   July 17, 2008.

8                              by:    s/ Laura LaCien

9                                     *[signature]*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25