IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERSONIFIED, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 3123 |
| | ) |
| SALES CONSULTANTS OF CARY, LLC, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the Court on Defendant Sales Consultants of Cary, LLC's ("SCC") motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

### BACKGROUND

Plaintiff Personified, LLC ("Personified") alleges that on December 19, 2007, CareerBuilder LLC ("CareerBuilder"), the parent company to Personified, filed an intent-to-use trademark application for the mark "Personified" ("Mark"). On March 24, 2008, RightFish, LLC, a subsidiary of CareerBuilder, allegedly changed its name to Personified and CareerBuilder assigned all rights to the Mark to Personified. SCC

1

is allegedly a search and recruitment consulting company that provides staffing services under the name "Personify."

According to Personified, SCC has accused Personified of engaging in wrongful conduct by filing the trademark application and using the Mark. SCC also allegedly accused Personified of attempting to confuse consumers and attempting to contact customers of SCC. In a letter dated May 21, 2008 ("Letter"), SCC allegedly demanded that Personified withdraw its trademark application, cease using the Mark, and pay SCC $100,000.00 in damages.

Personified brought the instant action, and includes in the complaint one declaratory judgment claim. Personified seeks a declaration stating that it has not violated any federal trademark or unfair competition laws. Personified also seeks a declaration stating that it has not violated any Illinois or North Carolina unfair competition laws. SCC moves to dismiss the instant action, and Personified requests that we stay a ruling on the motion.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must

allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not

3

plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

Personified filed the instant action on May 30, 2008. SCC contends that shortly thereafter, on June 5, 2008, SCC brought an action against Personified in North Carolina ("North Carolina Action"). SCC contends that the subject matter at issue in the North Carolina Action is the same as in the instant action. SCC argues that Personified is engaging in forum shopping by attempting to have the dispute resolved in the instant court and that the court should dismiss the instant action.

I.  Subject Matter Jurisdiction

The Declaratory Judgment Act authorizes a federal court to "'give declaratory judgments in a case of actual controversy within its jurisdiction, but it is not an independent grant of jurisdiction, rather jurisdiction must be predicated on some other statute.'" *Newell Operating Co. v. International Union of United Auto., Aerospace, and Agr. Implement Workers of America*, 2008 WL 2600795, at *3 (7th Cir. 2008)(quoting *Rueth v. EPA*, 13 F.3d 227, 231 (7th Cir. 1993)). In the instant action, Personified's claim involves issues concerning liability under federal trademark and unfair competition statutes. (Compl. Par. 3). Therefore, this court has federal question subject matter jurisdiction.

II.  First-to-File Rule

SCC argues that Personified is not entitled to maintain an action in the Northern District of Illinois merely because Personified filed the instant action before SCC initiated the North Carolina Action.  Personified contends that it was not attempting to preempt SCC's filing, and that Personified was merely seeking to "prompt the adjudication of its rights" by bringing the instant action.  (Ans. 6).  The Seventh Circuit has not "strictly adhered to the 'first-to-file' rule in deciding whether to retain jurisdiction or dismiss a declaratory-judgment action." *Newell Operating Co.*, 2008 WL 2600795, at *4.  Thus, simply because Personified filed its case first, does not automatically result in retaining jurisdiction in this matter.  Even though Personified initiated this action to prompt a resolution of the dispute with SCC, that does not foreclose a dismissal of the instant action to allow the dispute to be properly resolved in the North Carolina Action.

III.  Discretion to Decline to Exercise Jurisdiction

SCC argues that this court should decline to exercise its jurisdiction to hear the declaratory judgment claim in this case.  Personified acknowledges that this court has discretion to decline to hear this action.  (Ans. 6).  District courts are afforded "'wide discretion' to decline to hear actions that pursue only declaratory relief." *Newell Operating Co.*, 2008 WL 2600795, at *6 (quoting in part *North Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 647 (7th Cir. 1998)).  In deciding whether to decline to hear such cases, a court should consider the "wisdom of allowing litigation to go

forward in the" district court and consider which parties are the "natural plaintiffs." *Newell Operating Co.*, 2008 WL 2600795, at *7. The Seventh Circuit has indicated that a court should be "wary of a declaratory-judgment action that is 'aimed solely at wresting the choice of forum from the natural plaintiff.'" *Id.* (quoting in part *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002)).

Personified contends that this case should be heard in Illinois since its employees and relevant documents are located in Chicago. According to Personified, the dispute can be resolved more efficiently in Illinois. Personified also argues that it was forced to bring the instant action due to a "threat to its way of doing business" that was presented in the Letter. (Ans. 9). While it is true that SCC made certain demands in the Letter, and indicated possible legal action if Personified did not comply with the demands, Personified was not precluded from attempting to first discuss the matter with SCC instead of rushing to the courthouse to preempt an action by SCC. In fact, the Letter includes statements indicating that SCC would be willing to discuss a settlement. (Compl. Ex. 1, 2-3).

In the instant action, the natural plaintiff is clearly SCC. SCC is seeking to hold Personified liable for Personified's alleged improper use of the Mark and pleads trademark and unfair competition claims. Personified is merely attempting in this case to preempt SCC's claims and obtain a declaration indicating that Personified has not broken any laws. Although Personified makes references to the convenience of its employees, Personified acknowledges that it is already pursuing a motion to transfer in the North Carolina Action. Personified can raise issues such as the

6

convenience of the parties in its motion to transfer, 28 U.S.C. § 1404(a), which can be considered by the court in the North Carolina Action. (Ans. 10). Based upon the record before us, we are not convinced that it would be appropriate for the court to hear the instant case. Therefore, we decline to exercise jurisdiction as a matter of discretion and grant SCC's motion to dismiss.

## IV.  Stay of Ruling

Personified argues that even if this court decides to decline to hear this case, the court should stay its ruling. Personified claims that it has filed a motion to transfer in the North Carolina Action seeking to have the case transferred to the Northern District of Illinois. Personified requests that this court stay its ruling on the instant motion to dismiss until the court in the North Carolina Action has ruled on the motion to transfer. Personified argues that if the North Carolina Action is transferred to the Northern District of Illinois, Personified will likely include the declaratory judgment claim as a counterclaim. Personified contends that by avoiding the need to replead its declaratory judgment claim it will conserve the parties' resources. We disagree. Personified has not offered substantial justification to delay these proceedings when they are not properly before this court. This court has a duty to maintain its docket and resolve disputes in an efficient and expeditious manner and such goals will not be furthered if the instant action was allowed to remain stagnant, when the case can be resolved at its outset. Even if the North Carolina Action is ultimately transferred to the Northern District of Illinois, it will not be a

substantial hardship for Personified to replicate its claims in this case in a counterclaim. Therefore, we deny the request for a stay of the court's ruling.

## CONCLUSION

Based on the foregoing analysis, we grant SCC's motion to dismiss and deny Personified's request for a stay of a ruling.

                                                 Samuel Der-Yeghiayan
                                                 United States District Court Judge

Dated:   August 7, 2008